UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRUCE CALWAY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-2160** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY

On April 14, 1998, petitioner, Bruce Calway, a prisoner incarcerated in Louisiana State Penitentiary located in Angola, Louisiana, was found guilty, following trial

by jury, of possession with the intent to distribute cocaine.[1]  On April 30, 1998, petitioner was adjudicated to be a second-felony offender and was sentenced to 60 years imprisonment without benefit of parole, probation or suspension of sentence.[2]  On November 17, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and 60-year sentence, but amended the sentence to reflect that only the first five years were to be served without the possibility of parole.  *State v. Calway*, 748 So.2d 1205 (La. App. 4 Cir. 1999).  Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court within the 30-day time limit.[3]  Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final fourteen days later, on December 1, 1999, when the delay for applying for rehearing expired.[4]

---

[1] *See* State rec., vol. 1 of 3, docket master, p. 1.

[2] *See* State rec., vol. 1 of 3, docket master, p. 1.

[3] La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[4] La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
> A.  Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
> B.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

It was not until November 9, 2000, that petitioner finally sought relief from the Louisiana Supreme Court in connection with the appellate court's November 17, 1999 adverse opinion.[5] The Louisiana Supreme Court, treating the matter as a post-conviction application due to petitioner's untimeliness, denied petitioner relief on August 24, 2001. *State ex rel. Calway v. State*, 795 So.2d 342 (2001).

Following the Louisiana Supreme Court's August 24, 2001 adverse decision, petitioner waited approximately three months to again seek relief in connection with his April, 1998 conviction and sentence. On or about November 27, 2001, counsel, Willie Turk, sought to have petitioner's 60-year sentence reduced.[6] Thereafter, counsel Turk sought post-conviction relief on behalf of petitioner. The state district court, on July 2, 2002, denied both the motion for a reduction of sentence and the application for post-conviction relief.[7]

In addition to the post-conviction pleadings filed on petitioner's behalf by attorney Willie Turk, petitioner filed pro se pleadings seeking post-conviction relief.[8] Petitioner's effort in this regard culminated on March 18, 2005, when the Louisiana Supreme Court denied his writ application. *See Calway v. State*, 896 So.2d 998 (La. 2005). Less than

---

[5]A copy of petitioner's writ application to the Louisiana Supreme Court is contained in the State rec., vol. 3 of 3. November 9, 2000 represents the date petitioner signed his writ application.

[6]*See* State rec., vol. 1 of 3, docket master, p. 2.

[7]*See* State rec., vol. 1 of 3, docket master, p. 3.

[8]Most of these pro se pleadings, copies of which are contained in the State record, contain no signature date.

two months later, on May 3, 2005, petitioner filed the instant federal habeas corpus action.[9]

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[10]  *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment became final on December 1, 1999, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended on December 17, 1999, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired.  Thus, petitioner had a year from December 17, 1999, or until December 17, 2000, to timely seek federal habeas corpus relief.

---

[9] *See* Federal rec., doc. # 1.  This May 3, 2005 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[10] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

Petitioner did not file the instant action until May 3, 2005, over four years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed a writ application, thereby suspending prescription, on November 9, 2000, when he sought relief from the Louisiana Supreme Court in connection with the appellate court's November 17, 1999 denial of his appeal.[11] At that point, approximately 345 days of petitioner's 365-day prescriptive period had expired.

The Louisiana Supreme Court denied petitioner's writ application on August 24, 2001. At that point, petitioner had approximately 20 days of his one-year prescriptive period remaining. He waited over 90 days, until November 27, 2001, before seeking relief from the state district court in connection with his April, 1998 conviction and sentence. Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

---

[11]Since this writ application, which the Louisiana Supreme Court treated as a post-conviction application, was not previously filed with the lower state courts, an argument could be made that tolling should not be allowed as the application was not "properly filed". *See* 28 U.S.C. §2244(d)(2). The court need not decide this question in this case because it does not ultimately alter the court's determination regarding whether petitioner's federal habeas is untimely.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

In the instant matter, the record reflects that petitioner was clearly less than diligent in seeking relief from his conviction and sentence. Petitioner failed to timely appeal his conviction to the state's highest court. Further, once he obtained an opinion from the state's highest court, he waited over three months before seeking post-conviction relief from the state district court.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed on behalf of petitioner, Bruce Calway, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __29th__ day of _____November_____, 2006.

_____
LOUIS MOORE, JR.
United States Magistrate Judge